GARY M. RESTAINO
United States Attorney
District of Arizona
Vincent J. Sottosanti
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Vincent.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 22-02233-TUC-JGZ (JR) |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Johnny Asbury Marciano Lester, | |
| Defendant. | |

The United States of America and the defendant, Johnny Asbury Marciano Lester, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count One of the Indictment charging Burglary of a Post Office, in violation of Title 18 U.S.C. Section 2115 a Class D felony Offense.

## ELEMENTS OF THE CRIME

I, defendant, Johnny Asbury Marciano Lester, understand that the essential elements of Burglary of a Post Office are the following:

(1) The defendant forcibly broke into a post office;

(2) The defendant did so with the intent to commit in such post office any larceny and/or other depredation.

TERMS

The defendant understands his/her guilty plea is conditioned upon the following terms, stipulations, and requirements:

**1. Maximum Penalties**

A violation of Title 18, United States Code, Section 2115 (Burglary of a Post Office) is punishable by a maximum fine of $250,000 or a maximum term of imprisonment of five (5) years, a term of supervised release of three (3) years, or all three combined.

b. Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1) Order the defendant to make restitution to any victim of the offense pursuant to Title 18, United States Code, Section 3663A relating to Mandatory Restitution; and

(2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, the defendant establishes the applicability of the exceptions found therein.

c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 per felony count. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

**2. Agreements Regarding Sentencing**

Guideline Calculations: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level: | 2B2.1(a)(2) | +12 |
| Acceptance of Responsibility | 3E1.1(a) | -2 |
| Total Adjusted Offense Level: | | 10 |

Sentencing Range: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

CHC I: a sentencing range of 6-12 months imprisonment.
CHC II: a sentencing range of 8-14 months imprisonment.
CHC III: a sentencing range of 10-16 months imprisonment.
CHC IV: a sentencing range of 15-21 months imprisonment.
CHC V: a sentencing range of 21-27 months imprisonment.
CHC VI: a sentencing range of 24-30 months imprisonment.

**Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties agree and stipulate to a sentencing range as indicated above, depending on the defendant's criminal history. The parties further stipulate that the maximum term of imprisonment under this plea agreement shall be 24 months imprisonment.** The defendant understands that it shall be up to the district court to sentence the defendant within the sentencing range applicable to the defendant, depending on the defendant's criminal history category. If the defendant has already served the maximum or over the maximum amount of time in jail relating to her applicable sentencing range (above) at the time defendant is sentenced in this case, the defendant shall receive a sentence of time served and the defendant agrees he/she will waive his/her right to any appeal, and will not move to withdraw from her plea agreement. The court shall determine at sentencing the defendant's criminal history category based on the defendant's criminal history and pursuant to the United States Sentencing Guidelines.

If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. §3553(a) in support of a sentence request below the stipulated ranges in this agreement, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court

grants, a variance below the stipulated range in this agreement.

The parties agree that it will be up to the court to determine the conditions of supervised release/probation (if applicable) and the length of any term of supervised release/probation that may be imposed by the court.

This agreement is also expressly conditioned upon the accuracy of defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history prior to sentencing in addition to that known by the government shall entitle the government to withdraw from this agreement.

The defendant understands that the court is neither a party to nor bound by this agreement and the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has pled. However, if the court imposes a sentence greater than the maximum term agreed upon by the parties or otherwise rejects the plea agreement, the defendant may withdraw his/her guilty plea as authorized by Rule 11, Fed. R. Crim. P. The defendant understands that he/she may not withdraw from this plea agreement if the court accepts the agreement and sentences him/her within the agreed sentencing range stipulated to above.

The defendant understands that he/she may not withdraw from this plea agreement if the court accepts the agreement and sentences him/her within the stipulated sentencing ranges of prison, depending on the defendant's criminal history category and consistent with the terms of the plea agreement. The defendant's sentence is consistent with the terms of this plea agreement as long as the sentence is less than **24 months** in prison.

3. **Restitution**

As part of this agreement, the defendant agrees to that he/she will be ordered to pay restitution to any victim or other individual identified in the government's discovery who sustained a loss relating to the post office burglary. The defendant agrees that he/she will waive his/her right to appeal any order of the district court relating to restitution. The defendant agrees to pay the below listed restitution amounts and any other restitution amounts as determined by the district court capped at $1,000.

B.R. - $100.00                    United States Postal Service - $589.82

4. **Assets and Financial Responsibility**

   a. The defendant agrees that he/she will truthfully complete and return a financial affidavit that will be provided to him/her by the Financial Litigation Program of the United States Attorney's office within 45 days after the completed change of plea hearing. The defendant further agrees he/she shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's Office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Program, for any purpose [as well as the financial condition of all household members (including but not limited to that of a spouse or child)]; (iv) cooperate fully with the government and the probation officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the probation officer to provide to the U.S. Attorney's Office copies of any and all financial information provided by the defendant to the U.S. Probation Office; (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures); and (vi) submit to an interview in which the defendant will fully and truthfully answer all questions regarding the defendant's past and present financial condition. The defendant agrees that any failure to comply with the provisions in this paragraph that occurs prior to sentencing will constitute a violation of this plea agreement.

   b. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon

-5-

judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

5. **Breach of the Agreement**

If the defendant fails to comply with any obligation or promise pursuant to this agreement, including the failure to appear at sentencing, the United States:

    a.    may, in its sole discretion, declare any provision of this agreement null and void and the defendant understands that he shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

    b.    may prosecute the defendant for any offense known to the United States for which the defendant is responsible, and the defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

    c.    may proceed to sentencing and the defendant may receive up to the maximum statutory sentence for the offense or offenses to which the defendant has pled guilty.

6. **Plea Addendum**

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

7. **Immigration Consequences:**

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

8. **Waiver of Defenses and Appeal Rights**

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant provided the sentence is consistent with this agreement. The sentence is consistent with this plea agreement provided the defendant receives a sentence of **24 months** or less in prison (and a restitution judgment of **$ 1,000.00 or less**). The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals) including waiving the right to appeal any order of forfeiture or restitution; (3) any right to appeal the district court's refusal to grant a requested variance or departure; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition,

notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

9. **Perjury and Other False Statement Offenses and Other Offenses**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement.

10. **Reinstitution of Prosecution/Agreement to Dismiss Or Not Prosecute**

a. If the court accepts this plea agreement and the defendant complies with the terms of the agreement, this office will not file any additional charges against the defendant for any offenses committed by the defendant that are known to the government at the time of defendant's guilty plea. However, if the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time or the defendant fails to comply with this plea agreement, the United States will be free to withdraw from this plea agreement, move to vacate the defendant's convictions in this case, and/or prosecute the defendant for all charges of which the United States has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions or defenses based upon the statute of limitations, the Speedy Trial Act or constitutional restrictions in bringing the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

b. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

///

11. **Disclosure of Information to U.S. Probation Office**

   a. The defendant understands the United States' obligation to provide all pertinent information in its file regarding the defendant to the United States Probation Department.

   b. The defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

   (1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines;

   (2) All financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution;

   (3) All history of drug abuse which would warrant a treatment condition as part of sentencing; and

   (4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

12. **Civil Forfeiture, Civil, and Administrative Proceedings**

   a. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

   b. The defendant will identify all assets and identify the source of income used to obtain the assets. The defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. The defendant will testify truthfully in any civil forfeiture proceeding.

   c. This agreement does not preclude or impact the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## FACTUAL BASIS

I, Johnny Asbury Marciano Lester, agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty:

On or about the night of June 19, 2021, defendant, Johnny Asbury Lester and others, entered the public retail space of the Kino Postal Retail Unit located in Tucson within the District of Arizona. The post office was closed at the time, but the public retail space remained open. The defendant broke through a security screen separating the public area from the closed workroom floor area. Once in the closed workroom floor area, the defendant and others stole Postal Money Orders and various packages belonging to postal customers. The defendant forcibly broke into the closed workroom floor area with the intent to commit larceny.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of this plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney including my agreement to waive any right to appeal as part of my plea agreement. I understand that by entering a plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense including my right to testify on my own behalf, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination—all with the assistance of counsel—and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time.

I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment, or my sentence may otherwise be altered.

I agree that this written plea agreement and any addendum, if any, contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

8.17.2023
Date

Johnny Asbury Marciano Lester
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused (including advising the defendant that he is waiving his right to appeal), the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No assurances, promises, or representations have

been made to me or to defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

8-17-2023
Date

Laura E. Udall, Esq.
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Digitally signed by VINCENT SOTTOSANTI
Date: 2023.06.28 11:30:57 -07'00'

Date

Vincent J. Sottosanti
Assistant U.S. Attorney